**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TONY MCGEE,**

                                **Plaintiff,**

    vs.                                                  **9:13-CV-394
(MAD/DEP)**

**C.O. HAIGH,** *et al.***,**

                                **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**TONY MCGEE
08-A-6251**
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**         **KEVIN M. HAYDEN, ESQ.**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants
     (except Defendant Walsh)

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action *pro se* under 42 U.S.C. § 1983. *See* Dkt. No. 1. Upon initial review, this Court dismissed Plaintiff's claims against Defendants Drummond, McMacllean, Williams, Omans, Brow, Droit, Mays, Russell, Meaurbeau, Nickelson, Reinbeck, Wiltsie, Vasquez, and Mateo. *See* Dkt. No. 9. The only claims that survived initial

review were Fourteenth Amendment claims against Defendants Haigh, Saltsman, Bushane, and Walsh. *Id.*

On June 12, 2014, Defendants filed a motion for summary judgment. *See* Dkt. No. 41. In his March 3, 2015 Report and Recommendation, Magistrate Judge Peebles recommended that the Court grant Defendants' motion for summary judgment. *See* Dkt. No. 53.

Currently before the Court are Plaintiff's objections to Magistrate Judge Peebles' Report and Recommendation. *See* Dkt. No. 54.

## II. BACKGROUND

### A.  Background

For a complete recitation of the factual and procedural background, refer to Magistrate Judge Peebles' Report and Recommendation. *See* Dkt. No. 53 at 3-6.

### B.  Magistrate Judge Peebles' March 3, 2015 Report and Recommendation

In a March 3, 2015, Report and Recommendation, Magistrate Judge David E. Peebles recommended that the Court grant Defendants' motion in regard to Defendants Haigh, Saltsman, and Bushane. *Id.* at 22. Additionally, Magistrate Judge Peebles recommended that this Court *sua sponte* dismiss all claims against Defendant Walsh. *Id.* Specifically, Magistrate Judge Peebles recommended that Defendants' motion be granted in regard to Defendants Haigh, Saltsman, and Bushane because, although Plaintiff filed grievances against each Defendant, "none of them contain allegations of discrimination based on his sexual orientation, and thus did not squarely place prison officials on notice of his equal protection claims." *Id.* at 14.

As a preliminary matter, Magistrate Judge Peebles found that "plaintiff's failure to respond to the defendants' rule 7.1(a)(3) statement is the functional equivalent of his admission of the material facts contained with[in] the statement for the purposes of the instant motion." *Id.* at 7-8.

This is due to the "court's local rules[, which] provide that any motion for summary judgment must be accompanied by a statement of material facts as to which, the moving party submits, there exists no genuine dispute." *Id.* at 7 (citing N.D.N.Y. L.R. 7.1(a)(3)). Magistrate Judge Peebles' then turned to the substantive issues in Defendants' motion for summary judgment.

First, Magistrate Judge Peebles found that Plaintiff's grievance "concerning the denial of meals" was not "based on his sexual orientation or discriminatory animus." *Id.* at 14. Further, an investigation of the grievance did "not indicate any finding of discrimination or mention plaintiff's sexual orientation." *Id.* at 15. Therefore, "there is no basis to conclude that plaintiff's grievance alleging denial of meals by Defendant Haigh on November 22, 2011, November 26, 2011, and December 17, 2011, placed defendants on notice of an equal protection claim or discrimination allegation." *Id.*

Second, Magistrate Judge Peebles found that "plaintiff's grievance concerning the denial of showers did not place defendants on notice of his equal protection claim." *Id.* at 17. Defendants were not on notice of the claim because: (1) "[a] careful review of the documents associated with [the denial of showers] grievance . . . fail[ed] to reflect any allegation of shower denials in October 2011, or any mention of defendant Saltsman being involved in the deprivations[,]" (2) Defendant Saltsman was not interviewed as part of the grievance investigation process for denial of showers, and (3) Plaintiff "'provided no witnesses or evidence to support his grievance.'" *Id.* at 16 (quoting Dkt. No. 41-16 at 7).

Third, the allegations in Plaintiff's June 21, 2012 grievance and the "investigations of plaintiff's grievances regarding the denial of commissary privileges do not reveal that . . . defendant Bushane deprived plaintiff of commissary buy-sheet[s] based on his sexual orientation" or that Plaintiff alleged the violations were because of his sexual orientation. *Id.* at 18.

3

Additionally, "[n]one of the decisions issued by [prison staff] . . . reflect any finding of discrimination or motivation by the accused individuals of discriminatory animus." *Id.* at 18-19. Therefore, Magistrate Judge Peebles found that Plaintiff's grievances regarding the denial of commissary sheets did not "contain[] allegations of discrimination against plaintiff based on his sexual orientation." *Id.* at 18. Accordingly, Magistrate Judge Peebles found "that plaintiff failed to exhaust the available administrative remedies regarding the denial of commissary access based on his sexual orientation." *Id.* at 19.

Based on the above findings, Magistrate Judge Peebles found that "the record reflects that plaintiff failed to exhaust available administrative remedies before commencing this action." *Id.* at 19. However, "failure to exhaust . . . does not warrant dismissal of plaintiff's amended complaint without further inquiry." *Id.* at 20. The Second Circuit requires that district courts determine whether the administrative process was available to Plaintiff, whether Defendants' actions prevented the exhaustion of his remedies and warrant estoppel, or whether Plaintiff has plausibly alleged special circumstances that justify his failure to exhaust administrative remedies. *Id.* at 20-21; *see also Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004); *Macias v. Zenk*, 495 F.3d 37, 41 (2d Cir. 2007). Magistrate Judge Peebles found that "plaintiff has not presented, nor has the court discerned, any basis to conclude that the [Inmate Grievance Process] was not available to him, [that] defendants should be estopped from asserting failure to exhaust, or that special circumstances exist to justify plaintiff's failure to exhaust." Dkt. No. 53 at 21-22.

Next, Magistrate Judge Peebles addressed Plaintiff's failure to serve Defendant Walsh within the applicable time frame. *Id.* at 21-25. Even if Plaintiff fails to serve a Defendant within the 120 day period mandated by Federal Rule of Civil Procedure 4(m), the time for service must

4

be extended upon a showing of good cause.[1]  *Id.* at 22-23.   Although Plaintiff was relieved of the burden to personally serve Defendant Walsh due to his *in forma pauperis* status, he could not "stand idle upon being notified . . . by the U.S. Marshals Service" that efforts to serve Defendant Walsh were unsuccessful.  *Id.* at 24; *see VanDiver v. Martin*, 304 F. Supp. 2d 934, 938-43 (E.D. Mich. 2004).  Further, the Second Circuit has held that, once an *in forma pauperis* plaintiff has been notified that the Marshals will not serve a defendant within the specified time period, the plaintiff must "advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so."  Dkt. No. 53 at 25 (quoting *Meilleur v. Strong*, 682 F.2d 56, 63 (2d Cir. 2012)).  Magistrate Judge Peebles found that Plaintiff did not serve Defendant Walsh or show good cause to justify his failure to serve within 120 days.  *Id.* at 25.  Therefore, despite the leniency afforded a *pro se* plaintiff insofar as service of process is concerned, Magistrate Judge Peebles recommended Plaintiff's claims be dismissed against Defendant Walsh without prejudice.  *Id.* at 24-25.

**C.     Plaintiff's objections**

Plaintiff first objects to Magistrate Judge Peebles' finding that Plaintiff "did not address defendants' statement of undisputed material issues of fact submitted pursuant to rule 7.1(a)(3) of the local rules of practice for this court."  Dkt. No. 54 at 1; Dkt. No. 53 at 6.  Plaintiff claims that he put his "short concise respon[s]e" at the end of his "counter motion 'against' dismissal for Defendants summary judgment" motion.  Dkt. No. 54 at 1.  Plaintiff further alleges that Defendants did not raise a question of material fact as to Plaintiff's exhaustion of administrative remedies, and that *res judicata* is inapplicable because Plaintiff's previous lawsuit was "never

---

[1] While Federal Rule of Civil Procedure 4(m) allows 120 days to effect service, the Northern District of New York shortened the time period to sixty days.  Dkt. No. 53 at 23; *see* N.D.N.Y. L.R. 4.1(b).

5

litigated." *Id.* Finally, Plaintiff claims he exhausted all administrative remedies on "March 3, [2013]" when he filed grievances for harassment and discrimination. *Id.*

Second, Plaintiff alleges that special circumstances existed that preclude dismissal of his claims for failure to exhaust administrative remedies. *Id.* at 2. Specifically, he claims that "'death threats' by Coxsackie Correction Officers" constitute special circumstances which preclude dismissal of Plaintiff's claims. *Id.* Further, Plaintiff cites *Morris v. Eversley*, 205 F. Supp. 2d 234 (S.D.N.Y. 2002), for the proposition that he exhausted administrative remedies by filing a grievance for harassment. *Id.*

Third, Plaintiff objects to Magistrate Judge Peebles' finding that Plaintiff failed to exhaust his administrative remedies regarding the claims against Defendant Haigh for denial of meals. *Id.* at 3. According to Plaintiff, he "put in a 'discrimination grievance' . . . due to 'constant animus' towards [him.]" *Id*.

Fourth, Plaintiff objects to Magistrate Judge Peebles' finding that Plaintiff failed to exhaust his administrative remedies regarding his claim against Defendant Bushane for denial of commissary sheets. *Id.* Plaintiff claims that a corrections officer "Torres . . . observed 'C.O. Bushane'" deny Plaintiff commissary sheets, and observed Defendant Bushane say the "'faggot is not getting a sheet.'" *Id*.

Fifth, Plaintiff objects to Magistrate Judge Peebles' finding that Plaintiff failed to exhaust his administrative remedies regarding the claim against Defendant Saltsman for denial of showers. *Id.* Plaintiff's objection states that he told the Inmate Grievance Procedure ("IGP") Supervisor, Mr. Keller, that his grievance was a "'harassment grievance[,]'" and that Mr. Keller "renamed the grievance 'threats[,]' 'denial of law library[,]' and 'denial of a shower.'" *Id.*

Finally, Plaintiff objects to this Court's dismissal of "17 correction officers who had a direct involvement with all the 'discriminatory acts' [he] mentioned in the 'amended complaint'. Which 'diluted [his] chances at a proper lawsuit.'" *Id.*

## III. DISCUSSION

**A.  Standard of Review**

### *1. Review of a report and recommendation*

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006).  When a party, however, files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)

(holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

### *2. Summary judgment standard*

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This liberal standard, however, does not excuse a pro se litigant from following the procedural formalities of summary judgment." *Id.* at 295 (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

**C.   Analysis**

   *1. Local Rule 7.1(a)(3)*

As Magistrate Judge Peebles correctly sets out, "[t]his court's local rules provide that any motion for summary judgment must be accompanied by a statement of material facts as to which, the moving party submits, there exists no genuine dispute." Dkt. No. 53 at 7; *see also* N.D.N.Y. L.R. 7.1(a)(3). According to Local Rule 7.1(a)(3), "[t]he Court shall deem admitted any facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." N.D.N.Y. L.R. 7.1(a)(3) (emphasis in original). In his Report and Recommendation, Magistrate Judge Peebles found that Plaintiff "did not address defendants' statement of undisputed material issues of fact." Dkt. No. 53 at 6.

9

The Court finds that Magistrate Judge Peebles correctly determined that Plaintiff did not comply with Local Rule 7.1(a)(3). Even if liberally construed, Plaintiff has not made any arguments that refute Magistrate Judge Peebles' Report and Recommendation. While Plaintiff claims that he provided a "short concise respon[s]e" to Defendants' statement of material facts, it is not clear what portion of his submission he is referring to. Dkt. No. 54 at 1. Moreover, after reviewing Plaintiff's opposition motion to Defendants' summary judgment motion (Dkt. No. 43), the Court cannot find any portion that could reasonably be construed as Plaintiff's response to Defendants' statement of material facts. Further, it is not clear how *Clerical Apparel* helps Plaintiff's claim. In that case, the court found that the plaintiff did not "file any meaningful opposition to the present motion," and therefore "the [c]ourt must assume that plaintiff admits the material facts as stated." *Clerical Apparel of N.Y. Inc.*, 209 F.R.D. at 320. As Plaintiff failed to dispute Defendant's statement of material facts, this case supports Magistrate Judge Peebles' recommendation.

### 2. *Hemphill Inquiry*

The Second Circuit has held that a three-prong analysis is required where a prisoner has failed to exhaust his available administrative remedies. *Hemphill v. New York*, 380 F.3d 680, 686, 691 (2d Cir. 2004). First, "the court must ask whether [the] administrative remedies [not pursued by the prisoner] were in fact 'available' to the prisoner." *Id.* at 686. Second, if those remedies were available,

> the court should . . . inquire as to whether [some or all of ] the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it . . . or whether the defendants' own actions inhibiting the [prisoner's] exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense.

10

*Id.* (citations omitted).  Third, if the remedies were available and the defendant did not forfeit, and was not estopped from raising the non-exhaustion defense, "the court should consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with the administrative procedural requirements."  *Id.*  (quoting *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004)).

Plaintiff alleges that special circumstances exist, because death threats were made against him by Coxsackie Corrections Officers.  Dkt. No. 54 at 2.  "'Special circumstances' have been found to include an incorrect but reasonable interpretation of DOCCS' regulations or failing to file a grievance in the precise manner prescribed by DOCCS as a result of threats."  *Lopez v. Bushey*, No. 9:11-cv-0418, 2014 WL 2807532, *9 (N.D.N.Y. Apr. 7, 2014) (quoting *Giano*, 380 F.3d at 675-76).  However, in the present matter, "the record is devoid of evidence of 'special circumstances' excusing Plaintiff's failure to exhaust."  *Jones v. Rock*, No. 9:12-cv-447, 2015 WL 791547, *14 (N.D.N.Y. Feb. 24, 2015).  Plaintiff's deposition does not allege that threats prevented him from including information about discrimination due to his sexual orientation in his various grievances.  *See* Dkt. No. 41-20 at 1-53.  Further, the record reveals that Plaintiff continued to file grievances after allegedly being threatened with "inmate beatdowns or stabbings" if he chose to continue filing grievances.  Dkt. No. 41-16 at 3.  Therefore, the Court holds that Plaintiff has failed to show that special circumstances prevented him from exhausting administrative remedies, or that Defendants are estopped from raising this defense, because there is no evidence that threats of any kind prevented him from filing grievances.

Additionally, Plaintiff's reliance on *Morris* is misplaced.  *Morris* deals with the expedited grievance procedure available to prisoners who allege that employees have engaged in "'misconduct meant to annoy, intimidate, or harm an inmate.'"  *Morris*, 205 F. Supp. 2d at 240

(quoting N.Y. COMP. CODES R. & REGS. tit. 7 § 701.11(a)).[2]  In *Morris*, the court concluded that "Morris ha[d] exhausted her administrative remedies under § 701.11[,]" because the prison did not follow the expedited grievance procedure meant to ensure that a harassment complaint is addressed quickly.  *Id.* at 241.  Here, Plaintiff's grievances were deficient because they did not put Defendants on notice of his claim of discrimination due to sexual orientation, not because Plaintiff did not follow the correct grievance procedure for his harassment complaint.    Based on the foregoing, the Court holds that Magistrate Judge Peebles correctly determined that no special circumstances existed which justified Plaintiff's failure to exhaust administrative remedies.

### *3. Denial of meals*

Plaintiff objects to the dismissal of his claim regarding denial of meals by Defendant Haigh.  However, he provides no new evidence that would change the Court's analysis.  Magistrate Judge Peebles found that "Plaintiff did not allege that he was denied meals based on his sexual orientation or discriminatory animus."  Dkt. No. 53 at 14.  This recommendation was based on Plaintiff's deposition, where he "admitted that his grievance against defendant Haigh for the denial of meals did not include an allegation of discrimination."  *Id.* at 14 n.10.  Plaintiff alleges that he filed a grievance due to "'constant animus[,]'" but he does not allege that this grievance was related to discrimination regarding sexual orientation.  Dkt. No. 54 at 3.  Further, records indicate that the grievance Plaintiff referenced in his objection, CX-17239-12, was filed regarding "[d]isbursements and [l]egal [m]ail."  Dkt. No. 41-13 at 1.  Therefore, Plaintiff's objection fails to present a genuine issue of material fact as to whether Plaintiff's grievances

---

[2] The harassment regulation referenced by *Morris* is now under N.Y. COMP. CODES R. & REGS. tit. 7 § 701.8 (2015).  Further, the language referenced by the *Morris* court is now in the definitions section of the regulation at tit. 7, § 701.2(e), not within the substantive regulation.

alleging denial of meals "placed defendants on notice of an equal protection claim or discrimination allegation." Dkt. No. 53 at 15.

Based on the foregoing, the Court holds that Magistrate Judge Peebles correctly determined that Plaintiff failed to exhaust administrative remedies regarding denial of meals due to discrimination based on sexual orientation.

### *4. Denial of commissary sheets*

Plaintiff claims that "Correction Officer Torres" ("Torres") observed Defendant Bushane withhold Plaintiff's commissary sheet, and when Torres asked why Defendant Bushane did not give Plaintiff a commissary sheet, Defendant Bushane responded "faggot is not getting a sheet." Dkt. No. 54 at 3 (quotations omitted). However, the record does not include any information regarding Torres, and as Magistrate Judge Peebles found, it contains no evidence of discriminatory statements by Defendant Bushane. Dkt. No. 53 at 17-18. Additionally, in response to questions about witnesses to Defendant Bushane's comments, Plaintiff initially said there were no witnesses, and then stated that "they're all over the state now[,]" and that "they're not coming to court for it." Dkt. No. 41-20 at 43. Moreover, Plaintiff has not alleged any new evidence that Magistrate Judge Peebles failed to consider in his finding that Plaintiff "failed to exhaust the available administrative remedies regarding the denial of commissary access based on his sexual orientation." Dkt. No. 53 at 19.

Based on the foregoing, the Court holds that Magistrate Judge Peebles correctly determined that Plaintiff failed to exhaust administrative remedies regarding Defendant Bushane's alleged denial of commissary sheets.

### *5. Denial of a shower*

Plaintiff objects to dismissal of his claim against Defendant Saltsman because he alleges that he originally filed a "harassment grievance[,]" which was improperly re-titled "Threats/Denied Showers/Law Library." Dkt. No. 54 at 3; Dkt. No. 41-16 at 1. Further, Plaintiff objects because he "had grieved showers before" filing his complaint. Dkt. No. 54 at 3.

Even if the Court accepts that Plaintiff initially filed a "harassment grievance" against Defendant Saltsman, it has no bearing on Magistrate Judge Peebles' recommendation. In his Report and Recommendation, Magistrate Judge Peebles recommended that this Court dismiss Plaintiff's claim against Defendant Saltsman because "plaintiff's grievance concerning the denial of showers did not place defendants on notice of [Plaintiff's] equal protection claim." Dkt. No. 53 at 17. Nothing in Plaintiff's objection suggests that his grievance or conduct gave Defendants notice of an equal protection claim. Therefore, the Court holds that Magistrate Judge Peebles correctly determined that Plaintiff failed to exhaust administrative remedies regarding the alleged denial of showers.

### *6. Direct involvement*

Finally, Plaintiff argues that dismissal of Defendants at the initial review stage "diluted [his] chances at a proper lawsuit" and that dismissed Defendants "had a direct involvement" in the discriminatory attacks alleged in his complaint. Dkt. No. 54 at 3. However, he has provided no reason for the Court to modify its decision beyond conclusory allegations. Therefore, the Court declines to revisit its earlier decision to dismiss "Defendants Drummond, McMacllean, Williams, Omans, Brow, Droit, Mays, Russell, Meaurbeau, Nickelson, Reinbeck, Wiltsie, Vasquez, and Mateo for the violation of Plaintiff's right to Equal Protection." *See* Dkt. No. 9 at 7.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' March 3 2015, Report and Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** and that all claims against the remaining Defendants are **DISMISSED**; and the Court further

**ORDERS** that all claims against Defendant Walsh are dismissed without prejudice; and the Court further

**ORDERS** that Plaintiff's cross motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 30, 2015
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge